IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**MARCUS B. HENRY,**

       **Plaintiff,**

**vs.**                                               **No. CIV 03-653 WDS**

**JO ANNE B. BARNHART, Commissioner**
of the Social Security Administration,

       **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court upon Plaintiff's Motion to Reverse and Remand for a Rehearing filed on December 15, 2003. Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security, who determined that Plaintiff was not eligible for disability insurance benefits or supplemental security income. The Court, having considered Plaintiff's Motion [docket # 10] and Memorandum Brief [docket # 11], Defendant's Response [docket # 14], Plaintiff's Reply [docket # 16], the administrative record and applicable law, finds that Plaintiff's Motion should be **GRANTED,** and that this matter should be remanded to the Commissioner for further proceedings in accordance with this Memorandum Opinion and Order.

### I. Background

Plaintiff, who was born on October 7, 1962, worked as a construction framer before the onset of his alleged disability. Tr. 109. Plaintiff applied for Disability Insurance Benefits on January 29, 2001. Tr. 97-99. Plaintiff's application was denied at the initial level and at the reconsideration level. Plaintiff appealed by filing a request for a hearing by an administrative law judge ("ALJ") on January 11, 2001. Tr. 87-88. The hearing before the ALJ was held on August 19, 2002, at which Plaintiff appeared represented by counsel. Tr. 27-61. Plaintiff alleged that he was disabled as a result of back

pain, hypertension, reactive airway disease, gout with intermittent acute arthritis, obesity with sleep apnea, chronic renal insufficiency, nephrotic syndrome, ulcerative esophagitis, gastritis, and borderline intellectual functioning. Tr. 135-6, 148-152. In a decision dated October 16, 2002, the ALJ denied Plaintiff's claims. Tr. 10-21. Plaintiff then filed a request for review with the Appeals Council on November 4, 2002. Tr. 8-9. The Appeals Council denied Plaintiff's request for review on April 23, 2003, Tr. 5-7, and thereby rendered the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner"). *See* 20 C.F.R. §§ 404.981, 416.1481.

On May 28, 2003, Plaintiff filed this action for judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). After consent by the parties, [Docket #3, #4] this case was reassigned to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) on February 24, 2004.

## II.  Standard of Review

This Court may only review the Commissioner's decision to determine whether it is supported by substantial evidence and whether correct legal standards were applied. *Andrade v. Secretary of Health & Human Servs.,* 985 F.2d 1045, 1047 (10th Cir. 1993). In determining whether the Commissioner's findings are supported by substantial evidence, the Court should not re-weigh the evidence, nor should it substitute its judgment for that of the Commissioner. *Glass v. Shalala,* 43 F.3d 1392, 1395 (10th Cir. 1994). Instead, the Court should meticulously examine the record to determine whether the Commissioner's decision is supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Williams v. Bowen,* 844 F.2d 748, 750 (10th Cir. 1993). The "substantial evidence" standard is satisfied by more than a scintilla, but less than a preponderance, of evidence. *Id.* However, evidence is not substantial if it is

overwhelmed by other evidence or if it constitutes a mere conclusion. *Ray v. Bowen,* 865 F.2d 222, 224 (10th Cir. 1989).

A sequential five-step analysis applies in determining whether an adult claimant is disabled and entitled to benefits under the Social Security Act. *See Williams,* 844 F.2d at 750-52; 20 C.F.R. §§ 404.1520, 416.920. First, the question is whether the claimant is engaged in substantial gainful activity. *Williams,* 844 F.2d at 750. If so, the claimant is not disabled; if not, the analysis proceeds to step two. *Id.* At the second step, the question is whether the claimant has an impairment or combination of impairments that is severe. *Id.* If not, the claimant is not disabled; however, if the claimant makes the required showing of severity, the analysis proceeds to step three. *Id.* at 750-51. At step three, the question is whether the claimant has an impairment or combination of impairments that meets or equals an impairment listed at Appendix 1, Subpart P, of 20 C.F.R. Part 404 ("Listings" or "Listed Impairment"). *Id.* at 751. If so, the impairment is considered to be presumptively disabling. *Id.* If not, the analysis proceeds to step four, where the question is whether the impairment prevents the claimant from doing past work. *Id.* The claimant is not disabled if he or she can perform past work. *Id.* If the claimant cannot perform past work, the analysis proceeds to step five, where the burden shifts to the Commissioner to establish that the claimant has the residual functional capacity ("RFC") "to perform other work in the national economy in view of his age, education and work experience." *Id.* (quoting *Bowen v. Yuckert,* 482 U.S. 137, 142 (1987)). The claimant is entitled to benefits unless the Commissioner establishes that the claimant can "perform an alternative work activity and that this specific type of job exists in the national economy." *Id.* (quoting *Channel v. Heckler,* 747 F.2d 577, 579 (10th Cir. 1984)).

### III.  Summary of the ALJ's Decision

At step one of the sequential five-step analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date. Tr. 14. The ALJ found at step two that Plaintiff has severe impairments of chronic back strain, hypertension, reactive airway disease, gout with intermittent acute arthritis, obesity with sleep apnea, chronic renal insufficiency, nephrotic syndrome, ulcerative esophagitis, gastritis, and borderline intellectual functioning, but found at step three that Plaintiff's impairments are not severe enough to meet any of the Listings. Tr. 14. At step four, the ALJ concluded that Plaintiff retains the RFC to perform a limited range of light work. Tr. 15. Given this RFC assessment, the ALJ found that Plaintiff could not perform his past relevant work. Tr. 19. However, at step five the ALJ concluded that there are a significant number of jobs in the national economy that Plaintiff could perform. Tr. 20.

## IV.  Discussion

Plaintiff argues that there is new and material evidence which justifies remand for further proceedings. (PRB. p. 2) 42 U.S.C. 405(g) does provide that the Court may order additional evidence to be taken by the Commissioner upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding. Defendant argues that the evidence in question is not material and that Plaintiff has not shown good cause for not submitting the evidence during the administrative proceedings. (DRB, p. 4)

The new evidence in question is a May 16, 2003 report from state agency physician Rayme L. Romanik, M.D. (Exhibit A to Plaintiff's Brief) The report was generated in response to a subsequent disability filing by Plaintiff Marcus B. Henry. In the report Dr. Romanik analyzed Plaintiff's medical records, some of which predated the August 19 2002 administrative hearing in this

4

case and some of which related to treatment subsequent to the hearing.  Dr. Romanik concluded that the combination of Plaintiff's obesity, chronic renal insufficiency, chronic anemia, and chronic hypoxia secondary to his pulmonary hypertension/obesity-hypoventilation syndrome combined to medically equal listing 3.02C.

The Court does not agree that Dr. Romanik's report itself is "new" evidence that meets the criteria for remand under 42 U.S.C. §405(g).  Dr. Romanik's conclusion was based in part on medical records that post-dated the administrative hearing and therefore would not be "material" if this matter were remanded.  For example, on remand the ALJ could not consider Plaintiff's serum creatinine levels from February and March of 2003, or the fact that on March 11, 2003 Plaintiff's "RA sat was still 85%, improving to 92% with 2 liters."  Accordingly, the Court declines to remand this matter in order to have the ALJ consider the findings in Dr. Romanik's May 16, 2003 report.

However, the Court does note that the impairments considered by Dr. Romanik in his report are the same impairments considered by the ALJ.  Yet, the ALJ did not consider listing 3.02C in his written opinion of October 16, 2002.  Nor did the ALJ consider whether a combination of Plaintiff's impairments medically equaled listing 3.02C, or any other listing.  The step three analysis requires a comparison of medical evidence regarding symptoms, signs, and laboratory findings with the listed impairment sought to be established or the listed impairment most similar to the claimant's.  20 C.F.R. §§ 404.1526(a), 416.926(a)); *Hayes v. Callahan*, 976 F. Supp. 1391, 1394 (D. Kan.1997).  In this instance the ALJ did consider listing 3.03, which in turn referred him to sections 3.02A and 3.02B, but not section C.  And, although the ALJ considered a multitude of listings as part of his Step 3 analysis, Tr. 15, there is no indication in his opinion that he considered whether any listing could be met or equaled through a combination of one or more of Plaintiff's severe impairments.

5

Accordingly, this matter will be remanded in order for the Commissioner to consider whether the combination of Plaintiff's obesity, chronic renal insufficiency, chronic anemia, and chronic hypoxia secondary to his pulmonary hypertension/obesity-hypoventilation syndrome combined to medically equal listing 3.02C as of August 19, 2002.  If the impairments did not combine to medically equal the listing, the ALJ should proceed through steps four and five of the five step process.

In view of the fact that this matter is being remanded for further proceedings at steps three through five, it is not necessary for the Court to address the issues raised by Plaintiff regarding credibility determinations and questions posed to the Vocational Expert by the ALJ in the original proceedings.  Upon conclusion of the remand proceedings it will be necessary for the ALJ to make a new determination of Plaintiff's RFC, and that determination should be supported by findings made in accordance with applicable Social Security rulings, regulations, and case law.

### V.  Conclusion and Summary

In sum, I find that the ALJ erred at step three of the sequential analysis when he failed to consider whether Plaintiff's various impairments met or medically equaled Listing 3.02C. Accordingly, this matter shall be remanded to the Commissioner of Social Security to conduct further proceedings as stated above.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Reverse and Remand for a Rehearing [docket # 10] is **GRANTED,** and this matter shall be remanded to the Commissioner of Social Security for further proceedings in accordance with this Memorandum Opinion and Order.

_____
**W. DANIEL SCHNEIDER**
**UNITED STATES MAGISTRATE JUDGE**